IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RICHARD PATTERSON, MIKEAL PRUETT, and DENNIS FRIEDT,<br><br>Plaintiffs,<br><br>vs.<br><br>KARI ALSTAD, PETE BLUDWORTH, CYNTHIA WOLKEN, and REGINALD MICHAEL,<br><br>Defendants. | CV-21-00005-GF-BMM-JTJ<br><br>ORDER |

Plaintiffs Richard Patterson, Mikeal Pruett, and Dennis Friedt, prisoners proceeding without counsel, signed and filed a proposed Complaint alleging that the mailing system at CoreCivic Crossroads Correctional Center is constitutionally infirm. (Doc. 1.) Based on the following analysis, Plaintiffs will be required to proceed separately on their own claims.

**I. Severance**

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party . . . [or] sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir.

1

2000). Courts disagree as to whether it is permissible for multiple pro se prisoner-plaintiffs to join their claims together in one action or whether each pro se plaintiff must pursue a separate action. The Ninth Circuit has not addressed the issue.

The Third and Seventh Circuits have allowed multiple prisoner-plaintiffs to proceed together under Rule 20 of the Federal Rules of Civil Procedure's permissive joinder rule. *See Hagan v. Rogers*, 570 F.3d 146, 152–57 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004). The Eleventh Circuit, however, in *Hubbard v. Haley*, 262 F.3d 1194, 1197–98 (11th Cir. 2001) precluded multiple-prisoner plaintiffs from proceeding under Rule 20. *See Hubbard*, 262 F.3d at 1198. Many district courts in the Ninth Circuit have decided similarly. *See, e.g.*, *Hegge v. Inslee*, No. C20-6170-BJR-MLP, 2021 WL 673503 (W.D. Wash. Feb. 22, 2021); *Hicks v. Pastor*, No. 319CV05674RJBDWC, 2019 WL 5698803 (W.D. Wash. Oct. 3, 2019), *report and recommendation adopted sub nom. Hicks v. Rembert*, No. C19-5674 RJB, 2019 WL 5693914 (W.D. Wash. Nov. 4, 2019), *appeal dismissed sub nom. Hicks v. Pastor*, No. 19-35957, 2019 WL 6880011 (9th Cir. Nov. 27, 2019); *Surrell v. Gilliard*, No. 2:19-CV-0261-EFB P, 2019 WL 916766 (E.D. Cal. Feb. 25, 2019) (unreported).

Finding the reasoning of the *Hubbard* line of cases more persuasive, it has been the practice in this District not to allow multiple pro se prisoner-plaintiffs to proceed together in a single action. *See, e.g., Biederman v. Corecivic*, No.

2

CV1800126GFBMMJTJ, 2018 WL 5253500 (D. Mont. Oct. 22, 2018). There are several reasons for this practice. First, 28 U.S.C. § 1915(b)(3) provides that "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." The Court in *Hubbard* reasoned that the permissive joinder rule in Rule 20 of the Federal Rules of Civil Procedure "actually conflicts" with the PLRA's requirement that prisoner-plaintiffs pay the full filing fee. The court concluded that, in the context of prisoner cases, the latter-enacted statute, 28 U.S.C. § 1915(b)(1), repeals the earlier-enacted rule. Consequently, the Eleventh Circuit precluded multiple prisoner-plaintiffs from proceeding under Rule 20. *Hubbard*, 262 F.3d at 1198; *c.f. Hagan*, 570 F.3d at 155 (having each joined IFP litigant to pay a full filing fee by installment harmonizes the PLRA with Rule 20 and § 1915(b)).

Despite the contrary authority in *Hagan*, this Court believes that *Hubbard* presents the stronger argument. Rule 20 is a permissive rule – plaintiffs may join their claims in one action – while the financial scheme of the PLRA is mandatory in nature. Prisoner-plaintiffs must pay the full filing fee, even if they are granted leave to proceed in forma pauperis, but each prisoner-plaintiff in a multiple-plaintiff action cannot be made to do so without running afoul of § 1915(b)(3)'s imperative that the amount of the fee collected must not exceed the fee imposed for "commencement of a civil action." If multiple prisoner-plaintiffs proceed together

3

in one action and each pays the full filing fee, the amount of the fees collected in that action will exceed the amount permitted by statute for the commencement of a civil action. Severance is consistent with 28 U.S.C. § 1915(b)(1) and (3). If each plaintiff is required to pursue their case alone, the amount of the fees collected in each action will never exceed the amount permitted by statute for the commencement of a civil action.

     The second reason not to allow multiple pro se prisoners to proceed together in one action is based upon Rule 11 of the Federal Rules of Civil Procedure, which imposes ethical and honesty obligations on a filer, with various sanctions as repercussions. Fed. R. Civ. P. 11(b). A prisoner litigating on his own behalf takes the risk that one or more of his claims may be deemed sanctionable under Fed. R. Civ. P. 11. A prisoner litigating jointly under Rule 20 takes those risks for all claims in the complaint, regardless of whether they concern him personally. Rule 11 requires all unrepresented plaintiffs to sign the complaint, and the signature certifies all of the representations specified by Rule 11(b) for the entire complaint. Yet a pro se litigant has no authority to make assertions on behalf of anyone else; only an attorney may do that. To suggest that a pro se prisoner-plaintiff can be penalized under Rule 11 for, say, inaccurate factual statements made by another prisoner-plaintiff is to suggest that each plaintiff acts for the others in some way.

A Rule 11 sanction would be inappropriate if assessed against a pro se prisoner-plaintiff who could not conduct a reasonable investigation into the truth of a co-plaintiff's allegations. Generally the only investigation a prisoner could conceivably accomplish is questioning co-plaintiffs regarding what happened. Prisoners do not have unencumbered opportunities to question witnesses, who are most frequently officers or staff with considerable authority over the investigating plaintiff. It would be unduly harsh to sanction one prisoner if another prisoner inaccurately states the basis of his claims.

Third, there are practical difficulties of joint litigation among pro se plaintiffs. Inmates litigating together have no guarantee that they will all remain at the same prison or in the same area of a prison during the course of the lawsuit. This is true here, where it appears Defendant Patterson has already been transferred away from Crossroads. (Doc. 3.) In addition, pro se prisoner-plaintiffs in a multiple-plaintiff case would be required to serve every other pro se prisoner-plaintiff as well as any defendants with every document filed. Fed. R. Civ. P. 5. Finally, every time a document needed to be filed it would need to be circulated among all plaintiffs for signing. Neither the Court nor any litigant would have any way of knowing whether a later signing plaintiff altered the document in some way.

Severance avoids these issues. It forecloses pro se prisoner-plaintiffs from an opportunity available to other civil litigants under Fed. R. Civ. P. 20, but it does so in a way that effectuates the filing fee and three-strikes provisions of 28 U.S.C. § 1915, as well as avoiding all appearance of impropriety in terms of one pro se plaintiff acting for others. In light of the requirement that each plaintiff pay the filing fee, pro se prisoner-plaintiffs appear to suffer no disadvantages if they are not permitted to proceed jointly under Rule 20. Those pro se prisoner-plaintiffs who act in good faith or who bring potentially meritorious claims are not penalized. Any benefit prisoner-plaintiffs may enjoy in proceeding as co-plaintiffs in an action are not thwarted by requiring them to proceed in separate actions. Nothing would prevent the plaintiffs from coordinating their litigation and proceeding simultaneously and in parallel fashion, to the extent their institutional placement permits them to do so. Further, prisoner-plaintiffs are protected from the Rule 11 sanctions that may be invited by others. Also, if they are not required to serve multiple other plaintiffs in the same action, plaintiffs save on postage and copying – considerable expenses for most prisoners – and probably experience less delay in resolution of their claims.

## II. Conclusion

Therefore, Plaintiffs' claims shall be severed. Plaintiff Pruett shall proceed as the sole plaintiff in this action, and the Clerk of Court is directed to open new

actions for Plaintiffs Patterson and Friedt. Each Plaintiff will be solely responsible for prosecuting his own action. If Patterson and Friedt intend to proceed in forma pauperis, they are directed to file motions to that effect with the Court, including the required account statement. Otherwise, they must pay the $402 filing and processing fee in full in order to proceed.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Plaintiffs' claims are severed. Mr. Pruett shall proceed as the sole plaintiff in case number 21-cv-00005-GF-BMM-JTJ. Patterson and Friedt shall be terminated as plaintiffs in this case.

2. The Clerk of the Court is directed to:

    a. Open separate prisoner civil rights actions for Patterson and Friedt;

    b. Lodge and docket a copy of the proposed Complaint (Doc. 2) filed in this action in the new actions opened for Patterson and Friedt;

    c. File and docket a copy of this Order in the new actions opened for Patterson and Friedt; and

    d. Send each Plaintiff a Notice of Case Opening indicating the case number assigned to his own individual action.

3.  Patterson and Friedt are directed to pay the $ 402 filing fee or to file a motion to proceed in forma pauperis.

4. At all times during the pendency of this action, Plaintiffs must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 20th day of May, 2021.

John Johnston
United States Magistrate Judge