IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MIKEAL PRUETT, | CV-21-05-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| KARI ALSTAD, ET AL., | |
| Defendants. | |

Plaintiff Mikeal Pruett initially filed this suit on January 12, 2021, with two other inmates. The individual suits were severed, and Pruett is now proceeding on his own independent claim related to the mailroom practices at CoreCivic Crossroads Correctional Center ("CCC"). The operative Complaint, at this point, is still the document filed jointly by all three plaintiffs. (Doc. 1.)

## I.  STATEMENT OF THE CASE

### A.     Parties

Pruett is a state inmate proceeding pro se. He names the following Defendants:  Kari Alstad, Montana Department of Corrections ("DOC") contract monitor at CCC; Reginald Michael, Director of DOC; Cynthia Wolken, Deputy Director of DOC; and Pete Bludworth, Warden of CCC.  (Doc. 1 at 2-3.)

### B.  Allegations

Pruett alleges one claim related to mail practices at CCC. (Doc. 1 at 7.) He asserts that his mail to DOC is "not getting out of CoreCivic," and his contention is that Kari Alstad is intercepting his mail. *Id.*

## II.  SCREENING PURSUANT TO 28 U.S.C. § 1915A

Pruett is a prisoner proceeding pro se, so the Court must review his Complaint under 28 U.S.C. § 1915A. Sections 1915A(b) requires the Court to dismiss a complaint filed by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted). A complaint's allegations must cross "the line from

conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's

allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.

First, the Court must identify "the allegations in the complaint that are not entitled

to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not

entitled to the assumption of truth if they are "merely consistent with liability," or

"amount to nothing more than a 'formulaic recitation of the elements' of a

constitutional" claim.  *Id.* at 679, 681. A complaint stops short of the line between

probability and the possibility of relief where the facts pled are merely consistent

with a defendant's liability.  *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible"

claim for relief.  *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual

allegations, which are accepted as true, "allow[ ] the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  This

inquiry is "a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.* at 679 (citation omitted).  If the factual

allegations, which are accepted as true, "do not permit the court to infer more than

the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## A. First Amendment Mail Claims

### 1. Interference with Mail

Accepting Pruett's allegations as true, he has plausibly asserted that mail that he has attempted to send to DOC staff regarding the conduct of CCC staff has been intercepted in some way by Defendant Alstad. He states as much in his Complaint, and then Doc. 1-2 at 10 shows that Alstad did, in fact, open his mail and review it without sending it. The question is, if his mail was intercepted and not delivered, was that a violation of his constitutional rights actionable under § 1983?

The Supreme Court has recognized that prisoner correspondence at least implicates First Amendment rights. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1209 (9th Cir. 2017). Prisoners have protected First Amendment interests in both sending and receiving mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987). Prison officials must institute procedures for inspecting

"legal mail" but that only pertains to mail sent between attorneys and prisoners. *Wolff v. McDonnell*, 418 U.S. 539 at 576-577 (1974). In the Ninth Circuit, "mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) (quoting *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996).)  Similarly, mail to and from state agencies is not "legal mail," and may be opened and inspected outside an inmate's presence. *O'Keefe v. Van Boening*, 82 F.3d 322, 325–27 (9th Cir. 1996) (holding that inspection of grievance mailings to state agencies did not violate First Amendment); *Grigsby v. Horel*, 341 Fed. Appx. 314, 314–15 (9th Cir. 2009). Pruett's labeling of his letters to the DOC as "legal mail" did not make them such, allowing CCC to open his mail pursuant to "reasonably related to legitimate penological interests." *Thornburgh*, 490 U.S. at 409 (*quoting Turner*, 482 U.S. at 89).

> "Legitimate penological interests include "security, order, and rehabilitation…When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a "closer fit between the regulation and the purpose it serves." *Abbott,* 490 U.S. at 412, 109 S.Ct. at 1881. However, in neither case must the regulation satisfy a "least restrictive means" test. *Id.* at 411–13, 109 S.Ct. at 1880–81 (explaining *Procunier v. Martinez* ).

*Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). In *Witherow*, an inmate's letters to agency officials were examined but, importantly, not read, to determine

whether the document contained any dangerous or offensive items. That regulation was sufficiently tied to a penological interest.

Here, taking Pruett's allegations as true for the purposes of this screening, it is possible that the jail is reading his mail to DOC staff and not mailing it, without a penological justification. The Complaint should be served on Kari Alstad.

However, Pruett has failed to state a claim against Defendants Michael, Wolken, and Bludworth. He has failed to allege any specific facts at all regarding these defendants. They therefore should be dismissed.

Accordingly, the Court enters the following:

## ORDER

1.  Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendant Kari Alstad waive service of summons of the Complaint by executing, or having counsel execute, the Waiver of Service of Summons.  The Waiver must be returned to the Court within 30 days of the entry date of this Order.  If Defendant chooses to return the Waiver of Service of Summons, an answer or appropriate motion will be due within 60 days of the date of this Order pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2). Defendant Alstad is advised that she is only required to respond to the allegations of Plaintiff Pruett, as designated in the Complaint.

2.  The Clerk of Court shall mail the following documents to Defendants:

\* Complaint (Doc. 1);

\* this Order;

\* a Notice of Lawsuit & Request to Waive Service of Summons; and

\* a Waiver of Service of Summons.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Pruett <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

5.  Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

## RECOMMENDATIONS

1.  Defendants Wolken, Michael, and Bludworth should be DISMISSED as defendants, as Pruett has failed to state a claim against them.

2.  Plaintiff's claims regarding to access to the Courts should be DISMISSED for failure to state a claim.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pruett may file objections to these Findings and Recommendations within fourteen days after service hereof. 28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 30th day of June, 2021.

John Johnston
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MIKEAL PRUETT,<br><br>Plaintiff,<br><br>vs.<br><br>KARI ALSTAD, ET AL.,<br><br>Defendants. | CV-21-00055-GF-BMM-JTJ<br><br><br>RULE 4 NOTICE OF LAWSUIT<br>AND REQUEST FOR WAIVER OF<br>SERVICE |

TO:   Kari Alstad
      50 Crossroads Drive
      Shelby, MT  59474

A lawsuit has been filed against you in this Court under the number shown above.  A copy of the Complaint (Doc. 1) is attached.  This is not a summons or an official notice from the Court.  It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if you were served on the date the waiver is filed, but no summons will be served on you and

1

you will have 60 days from the date this notice is sent to answer the Amended Complaint.  If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to personally serve you with the summons and Complaint and may impose the full costs of such service.  Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 30th day of June, 2021.

John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MIKEAL PRUETT, | CV-21-00055-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | RULE 4 WAIVER OF SERVICE OF SUMMONS |
| KARI ALSTAD, ET AL., | |
| Defendants. | |

TO:   The U.S.  District Court for the District of Montana

  The following Defendant acknowledges receipt of your request to waive service of summons in this case.  Defendant has also received a copy of the Complaint (Doc. 1).  I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following be served with judicial process in the case provided by Fed. R. Civ. P. 4:

_____;_____;

that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.  Defendant also understands that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to do so default judgment will be entered against them.

Date:  _____

_____
(Signature of the attorney
or unrepresented party)

3

_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)