IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MIKEAL PRUETT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KARI ALSTAD, *et al.*,<br><br>　　　　　Defendants. | CV 21-05-BMM-JTJ<br><br>**ORDER** |

**BACKGROUND.**

Plaintiff Mikeal Pruett initially filed this suit on January 12, 2021, with two other inmates. The individual suits were severed, and Pruett is now proceeding on his own independent claim related to the mailroom practices at CoreCivic Crossroads Correctional Center. Doc. 5. The operative Complaint remains the document filed jointly by all three plaintiffs (Doc. 1).

Pruett is a state inmate proceeding pro se. Pruett alleges that Kari Alstad is intercepting his mail to the Montana Department of Corrections. Doc. 1 at 7. United States Magistrate Judge John T. Johnston screened Pruett's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1916A. Judge Johnston issued a Findings and

1

Recommendation. Doc. 6. No party filed objections to Judge Johnston's Findings and Recommendation.

**JUDGE JOHNSTON'S FINDINGS AND RECOMMENDATIONS (Doc. 6).**

Judge Johnston determined that Pruett's claims against Defendant Alstad survive the screening process. Doc. 6 at 6. The Court requested that Defendant Alstad waive service of summons and ordered the Clerk of Court to mail certain documents to Defendant Alstad. *Id*. at 7. Judge Johnston determined that Pruett's claims against Defendants Wolken, Michael, and Bludworth do not survive the screening process. *Id*. Judge Johnston recommended that the Court dismiss Defendants Wolken, Michael, and Bludworth because Pruett has failed to state a claim against them. *Id*. Judge Johnston also recommended that the Court dismiss Pruett's claims against all defendants regarding access to the Courts because Pruett fails to allege facts related to such a claim. *Id*.

**LEGAL STANDARD**

The Court conducts de novo review of the portions of a magistrate judge's findings and recommendations to which a party properly objects. 28 U.S.C. § 636(b)(1). A party makes a proper objection by "identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the Court is able to identify the issues

and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). The Court will review for clear error the portions of a magistrate judge's findings and recommendations to which a party fails to object or to which a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

No party filed objections to Judge Johnston's Findings and Recommendations. The Court will review, therefore, Judge Johnston's Findings and Recommendations for clear error. *See Kirkegard*, 2014 WL 693315, at *3.

**ANALYSIS.**

The Court finds no clear error in Judge Johnston's Findings and Recommendations. Judge Johnston correctly determined that Pruett has alleged sufficient facts that, when assumed true, could constitute a First Amendment claim against Defendant Alstad. *See* Doc. 6 at 4−6. Pruett alleges that Defendant Alstad is intercepting Pruett's mail without a penological justification. Doc. 1 at 7. This allegation could constitute a First Amendment claim against Defendant Alstad.

Judge Johnston also correctly determined that Pruett fails either to state a claim against Defendants Wolken, Michael, or Bludworth or to state a claim regarding access to the courts against any defendant. Pruett does not allege any facts against these Defendants. Pruett does not allege any facts related to a claim regarding access to the courts. There exists, therefore, no clear error in Judge Johnston's recommendation that the Court dismiss Defendants Wolken, Michael, and Bludworth and that the Court dismiss Pruett's claim regarding access to the courts. *See* Doc. 6 at 7.

## ORDER

**IT IS ORDERED** that Judge Johnston's findings and recommendations (Doc. 6) is adopted in full.

1. Defendants Wolken, Michael, and Bludworth are **DISMISSED**.

2. Pruett's claims regarding access to the Courts are **DISMISSED**.

DATED this 21st day of July, 2021.

_____
Brian Morris, Chief District Judge
United States District Court